IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

      Petitioner,

vs.                                                                    Case No.: 4:06cv452-SPM/WCS

JAMES McDONOUGH,

      Respondent.

_____/

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY
AND TO PROCEED IN FORMA PAUPERIS**

Petitioner Randall Lamont Rolle is appealing the Order Denying Motions to Recuse and Set Aside Order (doc. 85).  Rolle's original 2254 habeas claim (doc. 1) was denied by this Court (doc. 34).  Rolle appealed (doc. 36).  The appeal has since been denied for failure to make a substantial showing of the denial of constitutional right under 28 U.S.C. § 2253(c)(2), (doc. 65, #08-11169-C).  During the pendency of the appeal, Rolle filed motions for recusal (doc. 53) and to set aside (doc. 54).  Those motions were denied (doc. 61).  Rolle appealed (doc. 64) and his appeal was again denied for failure to make a substantial showing of the denial of a constitutional right under 28 U.S.C. §

2253(c)(2), (doc. 83, # 08-15566-D).

The subject of this third appeal is Rolle's second motion to recuse and set aside order (doc. 82), which he filed during the pendency of appeal number 08-15566-D.  This Court denied the motion (doc. 85) and Rolle has again appealed (doc. 86).

The standard for appealing in forma pauperis requires that the appeal be taken in good faith.  28 U.S.C. § 1915(a)(3).  Good faith in this context is measured objectively.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962); see also, Pace v. Evans, 709 F.2d 1428, 1429 (in forma pauperis status must be denied if the appeal is "without arguable merit").  The Court certifies that Rolle's appeal is not taken in objective good faith.  Rolle's motion (doc. 83) failed to state any legitimate ground for recusal or to set aside the Court's previous order.  Moreover, this Court and the Court of Appeals has already ruled against him on the issues of recusal and setting aside the previous orders.

A petitioner seeking a certificate of appealability must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met if the petitioner can show that reasonable jurists could differ as to the resolution of the case or if the issues have sufficient merit to deserve encouragement to appeal.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The resolution of this case is not debatable and the issues do not

deserve encouragement to appeal.  Accordingly, it is

ORDERED AND ADJUDGED:

1.      The motion to proceed in forma pauperis on appeal (doc. 90) is

denied.  Petitioner shall pay to the clerk of this court, in accordance with Federal

Rule of Appellate Procedure 3(e), the sum of $455.00, which consists of the $450

fee for docketing the case on appeal (see Note following 28 U.S.C. § 1913,

Judicial Conference Schedule of Fees, ¶ (1)) and an additional $5 fee under 28

U.S.C. § 1917.

2.      The notice of appeal (doc. 86), construed as a motion for certificate

of appealability, is denied.

DONE AND ORDERED this 6th day of April, 2009.


_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge


CASE NO.: 4:06cv452-SPM